THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Orlando Martin, Respondent,
 
 
 
 
 

v.

 
 
 
 
 South Carolina
 Department of Corrections, Appellant.
 
 
 
 
 

Appeal From Administrative Law Court
 Deborah Durden, Administrative Law Court
Judge

Unpublished Opinion No. 2010-UP-367
 Submitted June 1, 2010  Filed July 14,
2010    

REVERSED

 
 
 
 Michael Vincent Laubshire, of Columbia,
 for Appellant.
 William Levern Pyatt, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: The
 South Carolina Department of Corrections (the Department) appeals the
 Administrative Law Court's (ALC) order instructing the Department to
 recalculate Orlando Martin's sentence.  We reverse.[1]
On June 14, 2004,
 an Aiken County grand jury indicted Martin for second-degree arson, and on July
 22, 2005, Martin pled guilty.  The plea court sentenced Martin to ten years'
 imprisonment, suspended upon the service of "time served,"[2] and five years' probation. 
 Thereafter, a probation arrest warrant was issued.  On June 29, 2007, the
 probation revocation court revoked Martin's probation and required Martin to serve
 five years of the original sentence and then be reinstated on probation.[3]  The
 Form 9[4] revocation order indicated Martin previously served 562 days on the sentence.  
On June 3, 2009,
 and July 29, 2009, Martin submitted a Step One and Step Two Grievance to the
 Department seeking credit for the 562 days he served prior to pleading guilty. 
 The Department denied both grievances, explaining the 562 days was previously
 applied to Martin's ten year sentence, reducing the total sentence to eight
 years' and 168 days.  Martin appealed to the ALC, arguing the Department failed
 to apply the 562 days he served to his current five year sentence rather than
 applying the time served to his original ten-year sentence.  The ALC reversed
 and ordered the Department to "recalculate [Martin's] sentence on the
 basis of a 5-year sentence commencing June 29, 2007[,] with credit for 562 days
 previously served on the sentence at that time."  This appeal followed.  
In an appeal of the final
 decision of an administrative agency, this court shall not substitute its
 judgment for that of the ALC as to findings of fact however, it may reverse or
 modify decisions which are controlled by an error of law.  Sanders v. S.C.
 Dep't of Corr., 379 S.C. 411, 417, 665 S.E.2d 231, 234 (Ct. App.
 2008).  
Here, the ALC misinterpreted
 the effect of the revocation order.  Martin served 562 days prior to his guilty
 plea, and when the plea court sentenced Martin, the plea court gave Martin
 credit for this time served.  Then, when Martin's probation was revoked, the
 probation court imposed five years of the suspended portion of the sentence. 
 The Form 9 revocation order indicated Martin previously served 562 days of the
 sentence.  The 562 days previously served is not applied to the five-year
 sentence imposed at the
 probation revocation hearing.  Rather, it
 applied toward Martin's original sentence of ten years' imprisonment.  Accordingly, we find the ALC erred in (1) finding the probation
 revocation court's order revoked the original ten year sentence and reduced the
 sentence to five years' imprisonment, and (2) instructing the "sentence be recalculated on the
 basis of a 5-year sentence commencing June 29, 2007[,] with credit for 562 days
 previously served on the sentence at that time."  Therefore, we reverse
 the ALC's order and reinstate the decision of the Department.
REVERSED. 
FEW, C.J.,
 WILLIAMS, J., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Martin served 562 days prior to sentencing.  
[3] Martin did not serve any time awaiting his probation
 revocation hearing.   
[4] Form 9 is created by the South Carolina Department of
 Probation, Parole, and Pardon Services, and is the form order used by the
 circuit court in probation revocation proceedings.